IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

RASHIDA YOST, YOST'S CHILD
DEVELOPMENT CENTER, LLC, YOST'S
CHILD DEVELOPMENT CENTER, II, LLC,
and YOST EDUCARE CORPORATION,
**Defendants Below, Petitioners**

**FILED**
**October 24, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 24-ICA-442**          (Cir. Ct. Berkeley Cnty. Case No. CC-02-2024-C-181)

**LINDA SMALLWOOD and**
**CR ENTERPRISES, LLC,**
**Plaintiffs Below, Respondents**


### MEMORANDUM DECISION

Petitioners Rashida Yost ("Ms. Yost"), Yost's Child Development Center, LLC, Yost's Child Development Center, II, LLC, and Yost Educare Corporation (collectively, the "Yost Entities") appeal the Circuit Court of Berkeley County's October 4, 2024, order, which granted a default judgment to Respondents Linda Smallwood ("Ms. Smallwood") and CR Enterprises, LLC ("CR"), in the amount of $188,244.51 following a damages inquiry, and the court's March 11, 2025, order, which denied Ms. Yost and the Yost Entities' motion for relief from judgment pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure. Ms. Smallwood and CR filed a response.[1] Ms. Yost and the Yost Entities filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Smallwood was a member of CR which operated a daycare center under the name UCCD.[2] UCCD leased a daycare facility in Martinsburg, West Virginia and was licensed to provide care for up to sixty children. Ms. Yost began working for UCCD in 2017 and became UCCD's director in July 2019. As director, Ms. Yost was responsible for, among other things, payroll, collecting tuition, paying bills, and communicating with

---

[1] Ms. Yost and the Yost Entities are represented by Christian J. Riddell, Esq. Ms. Smallwood and CR are represented by Elizabeth D. Grant, Esq.

[2] "UCCD" stands for "University Center for Childhood Development."

1

licensing boards. By September 2019, Ms. Yost was in complete control of the center, including its bank account. Around this time, Ms. Yost and Ms. Smallwood negotiated the sale of UCCD to Ms. Yost and the Yost Entities. In March 2020, Ms. Yost drafted the purchase contract agreeing to purchase UCCD for $203,500 to be paid in monthly installments over sixty months. In exchange, Ms. Yost and the Yost Entities would receive all the assets of the day care center. The contract was signed by Ms. Yost and Ms. Smallwood.

Ms. Yost partially performed under the contract by making payments to Ms. Smallwood. Over time, the payments became smaller and less frequent and ultimately Ms. Yost stopped paying altogether. Ms. Yost paid a total of $35,000 under the contract. The unpaid balance under the contract was $168,500.

On March 27, 2024, Ms. Smallwood and CR filed a complaint alleging breach of contract and unjust enrichment against Ms. Yost and the Yost Entities. The complaint alleged that Ms. Yost breached the contract to buy the daycare business because she failed to pay as agreed. It further alleges that Ms. Yost operated the daycare business under her business entities. It is undisputed that on April 4, 2024, Ms. Yost was personally served with the summons and complaint, and the business entities were served through the Secretary of State on April 3, 2024, and delivered to Ms. Yost as registered agent by April 10, 2024. Ms. Yost and the Yost Entities failed to file answers, and respondents filed a motion for default judgment. On May 29, 2024, the circuit court granted the motion for default and found that by operation of law, Ms. Yost and the Yost Entities are liable to Ms. Smallwood and CR as to each cause of action alleged in the complaint. The circuit court scheduled a hearing to prove damages for July 24, 2024.

On July 3, 2024, Ms. Yost filed a letter with the circuit court asking for additional time to prepare a defense for the damages hearing. Ms. Smallwood agreed to a continuance, and the damages hearing was rescheduled for September 17, 2024. Prior to the damages hearing, the circuit court held a status conference on August 27, 2024. At this conference, Ms. Yost appeared and admitted that she did not answer the complaint because she thought the case was a "nothing burger" and a "scam." The damages hearing went forward on September 17, 2024. The parties appeared at the hearing and presented testimony and other evidence. On October 4, 2024, the circuit court entered an order granting a default judgment in favor of Ms. Smallwood and CR for $168,500 plus prejudgment interest in the amount of $19,744.51 for a total amount of $188,244.51.

Ms. Yost retained counsel and on October 21, 2024, filed a motion for relief from the default judgment order pursuant to Rule 60(b). Ms. Yost asserted that when she was served, she could not afford to consult an attorney and thus, she was unaware of her duties under the law to file an answer. After filing the Rule 60(b) motion, but before the motion was ripe for adjudication, Ms. Yost and the Yost Entities filed a notice of appeal in this Court, attaching the October 4, 2024, default judgment order. On January 24, 2025, this

Court remanded the matter to the circuit court for "the limited purpose of ruling on Petitioners' Rule 60(b) motion." Upon remand and after consideration of the Rule 60(b) motion, the circuit court entered an order on March 11, 2025, denying the Rule 60(b) motion. After entry of the circuit court's order, this Court returned the instant appeal to our docket, supplemented the record with the March 11, 2025, order, and allowed the parties to present additional briefing.

We review the orders on appeal in this case under the following standards of review. "This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*." Syl. Pt. 6, *In re Donald M.*, 233 W. Va. 416, 758 S.E.2d 769 (2014) (quoting Syl. Pt. 4, *Burgess v. Porterfield*, 196 W. Va. 178, 469 S.E.2d 114 (1996)). "A motion to vacate a default judgment is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of discretion." Syl. Pt. 1, *Hardwood Grp. v. LaRocco*, 219 W. Va. 56, 631 S.E.2d 614 (2006) (quoting Syl. Pt. 6, *Games-Neely ex rel. W. Va. State Police v. Real Property*, 211 W. Va. 236, 565 S.E.2d 358 (2002)). Further, the appellant bears the burden of proof to show that there was error in the proceeding below, with all presumptions being in favor of the trial court. *See Groves v. Roy G. Hildreth & Son, Inc.*, 222 W. Va. 309, 314, 664 S.E.2d 531, 536 (2008). With these standards in mind, we turn to Ms. Yost and the Yost Entities' assignments of error.

Ms. Yost and the Yost Entities first assert that the circuit court erred in its calculation of damages in the October 4, 2024, order and argue that the maximum amount of damages the circuit court could have awarded under the contract was $18,000 ($1,000 per month for the fifty-three months ($53,000) that had elapsed under the contract up to that point minus $35,000 in payments). Conversely, Ms. Smallwood and CR argue that the contract provides a purchase price of $203,500, which the parties corroborated through testimony at the damages hearing, and thus, the circuit court properly calculated the total balance due as $188,244.51 ($203,500 minus $35,000 in payments plus interest in the amount of $19,744.51). We agree with the respondents that Ms. Yost and the Yost Entities failed to establish that the circuit court erred in using the total purchase price in the contract as the starting point in its damages calculation. Ms. Yost and the Yost Entities merely proposed using an alternate principal amount, one that is not supported by the contract or any other evidence in the record. Therefore, we conclude that the circuit court did not err in awarding damages to Ms. Smallwood and CR in the amount of $188,244.51.

Ms. Yost and the Yost Entities next argue that the circuit court erred in denying the Rule 60(b) motion because it misapplied the four factors to set aside a default judgment enumerated in *Parsons v. Consolidated Gas Supply Corp.* We disagree.

In *Parsons*, the Supreme Court of Appeals of West Virginia ("SCAWV") held:

3

In determining whether a default judgment should be entered in the face of a Rule 6(b) motion or vacated upon a Rule 60(b) motion, the trial court should consider: (1) The degree of prejudice suffered by the plaintiff from the delay in answering; (2) the presence of material issues of fact and meritorious defenses; (3) the significance of the interests at stake; and (4) the degree of intransigence on the part of the defaulting party.

Syl. Pt. 3, *Parsons v. Consolidated Gas Supply Corp.,* 163 W. Va. 464, 256 S.E.2d 758 (1979).

Below, the circuit court reviewed each of the four *Parsons* factors and determined that all weighed in favor of Ms. Smallwood and CR. First, the circuit court found that setting aside the default judgment would cause Ms. Yost to essentially start over which would be prejudicial to Ms. Smallwood and CR and a waste of judicial resources. Secondly, the circuit court found that Ms. Yost and the Yost Entities failed to show they had valid meritorious defenses and concluded that trying the case on the merits would lead to the same inescapable result—Ms. Yost made a valid and binding contract, and the law requires payment of the contractual obligation. Next, the circuit court determined that while the amount of the judgment was not insignificant, "in the context of an ongoing business operation such as a childcare center, the purchase price stated in the contract does not appear to be outsized or unreasonable." Lastly, the circuit court found that the degree of intransigence was significant and concluded that "[d]efendants, like Ms. Yost and her companies, are not permitted [to] intentionally . . . disregard the civil justice system and then, merely ask for and receive a second chance when the [d]efendants disagree with the result."

We agree with Ms. Yost and the Yost Entities that the circuit court erred in finding that Ms. Smallwood and CR would be prejudiced if the default judgment were vacated. The SCAWV has explained that "the fact that a party may be required to undergo the expense of preparing and conducting a trial on the merits is an insufficient basis for denying relief from default." *Res. Ltd., LLC v. New Trinity Coal, Inc.*, 246 W. Va. 507, 514, 874 S.E.2d 309, 316 (2022) (quoting *Groves*, 222 W. Va. at 315-16, 664 S.E.2d at 537-38). Additionally, the circuit court's finding on the significance of the interest at stake is ambiguous. However, the circuit court provided detailed reasons for its determination that Ms. Yost and the Yost Entities lacked meritorious defenses, and we cannot affirmatively state that the circuit court abused its discretion.

Moreover, we find no error in the circuit court's conclusion that substantial evidence of intransigence in this case weighs heavily against Ms. Yost and the Yost Entities. *See Lee v. Gentlemen's Club, Inc.*, 208 W. Va. 564, 568, 542 S.E.2d 78, 82 (2000) ("[A]ny evidence of intransigence on the part of a defaulting party should be weighed heavily against him in determining the propriety of a default judgment."); *see also Steak Escape of Kanawha City II, LLC v. Hudson*, 251 W. Va. 431, 914 S.E.2d 530 (Ct. App. 2025) (finding the circuit

4

court did not abuse its discretion in denying a motion to set aside a default judgment where defaulting party demonstrated complete intransigence notwithstanding a lack of analysis under the other *Parsons* factors). The record shows that on April 4, 2024, Ms. Yost was personally served with the summons and complaint, and the business entities were served through the Secretary of State to Ms. Yost as registered agent by April 10, 2024. Ms. Yost contacted counsel for Ms. Smallwood and CR on April 9, 2024, by telephone and acknowledged that Ms. Yost and the Yost Entities were served. Ms. Yost and the Yost Entities failed to file answers to the complaint and Ms. Smallwood and CR filed a motion for default judgment against Ms. Yost and the Yost Entities, which they served upon Ms. Yost and the Yost Entities. Ms. Yost and the Yost Entities failed to file answers and failed to respond to the motion. Ms. Yost sent a letter to the court over a month after the default entry order to ask the court to continue the damages hearing set but did not seek leave to file an answer. Ms. Yost appeared at the status conference in August 2024, and the damages hearing in September 2024, yet still did not file an answer. It was not until after the default judgment was entered in October 2024 that Ms. Yost retained counsel and filed the Rule 60(b) motion requesting relief.

Ms. Yost and the Yost Entities also fail to demonstrate any of the grounds for relief under Rule 60(b). "In addressing a motion to set aside a default judgment, 'good cause' requires not only considering the [*Parsons* factors], but also requires a showing that a ground set out under Rule 60(b) of the West Virginia Rules of Civil Procedure has been satisfied." Syl. Pt. 5, *Hardwood Grp. v. LaRocco*, 219 W. Va. 56, 631 S.E.2d 614 (2006). Here, Ms. Yost and the Yost Entities do not even clearly address which ground they are relying on, and they have not shown excusable neglect or any other ground for good cause. For the foregoing reasons, we conclude that the circuit court did not abuse its discretion in denying Ms. Yost and the Yost Entities' Rule 60(b) motion for relief from the default judgment.

Accordingly, we affirm the circuit court's October 4, 2024, and March 11, 2025, orders.

Affirmed.

**ISSUED:** October 24, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

5