# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**December 4, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**EMILY HADDIX,**
**Defendant Below, Petitioner**

**v.) No. 25-ICA-142**   (Cir. Ct. Marion Cnty. Case No. CC-24-2024-C-149)

**GARY TIMMS,**
**Plaintiff Below, Respondent**


## MEMORANDUM DECISION

Petitioner Emily Haddix appeals the March 6, 2025, order from the Circuit Court of Marion County granting Respondent Gary Timms' motion for default judgment and ordering Ms. Haddix to produce various documents and pay $4,243.38 in attorney's fees pursuant to the West Virginia Freedom of Information Act ("WVFOIA"). Mr. Timms filed a response.[1] Ms. Haddix filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

Ms. Haddix is the mayor, and Mr. Timms is a resident and former city councilmember of the City of Pleasant Valley located in Marion County, West Virginia. On September 23, 2024, Mr. Timms filed his Petition for Declaratory Relief seeking a declaration that Ms. Haddix violated WVFOIA and the production of unspecified information. The petition alleged Mr. Timms requested the production of various public records related to the City of Pleasant Valley on numerous occasions, that Ms. Haddix refused and failed to respond to these requests, and that Ms. Haddix failed to provide information to the Secretary of State as required by West Virginia Code § 29B-1-3a (2015). The summons states Ms. Haddix was personally served on September 26, 2024. However, she never filed an answer.

On October 28, 2024, Mr. Timms moved the circuit court to enter default against Ms. Haddix pursuant to Rule 55 of the West Virginia Rules of Civil Procedure. On

---

[1] Ms. Haddix is self-represented. Mr. Timms is represented by Charles T. Berry, Esq.

November 1, 2024, the circuit court's law clerk sent a letter requesting affidavits from both Mr. Timms and his counsel attesting to service of the complaint and Ms. Haddix's legal competency. After these documents were provided, the circuit court granted Mr. Timms' motion for default as to liability only pursuant to Rule 55 of the West Virginia Rules of Civil Procedure in an order dated December 12, 2024.

On January 5, 2025, Mr. Timms noticed a hearing on damages related to the default judgment for January 16, 2025, but filed a motion to continue the hearing on January 13, 2025. The court granted Mr. Timms' motion and reset the hearing for February 11, 2025. On February 7, 2025, Ms. Haddix moved the court, via a letter, to continue the February 11, 2025, hearing. On that same date, the Court granted Ms. Haddix's letter form motion and reset the hearing for February 26, 2025. The circuit court held this hearing, but Ms. Haddix failed to appear. She argues on appeal that she did not receive proper notice. [2]

On March 6, 2025, the circuit court entered an order which granted default judgment in favor of Mr. Timms; ordered Ms. Haddix to produce itemized monthly statements from the City of Pleasant Valley's credit card from July 1, 2020, to June 30, 2024; ordered Ms. Haddix to produce a list of four items related to the maintenance and improvement of roadways from July 1, 2020, to June 30, 2024; and ordered Ms. Haddix to pay $4,243.38 in attorney's fees pursuant to West Virginia Code Section 29B-1-7 (1992). Ms. Haddix was ordered to produce these documents and pay the fees within twenty days from the date of the entry of the order. If Ms. Haddix claimed privilege, the circuit court stated it would review the documents in camera. It is from this order that Ms. Haddix now appeals. [3]

We review default judgments under an abuse of discretion standard. *See Groves v. Roy G. Hildreth & Son, Inc.*, 222 W. Va. 309, 314, 664 S.E.2d 531, 536 (2008) (per curiam). "A motion to vacate a default judgment is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is

---

[2] A transcript of this hearing is not included in the record.

[3] Proceedings continued in the circuit court after this appeal was filed and these documents were included in the record on appeal. On March 26, 2025, Ms. Haddix moved for a stay of the final judgment arguing she intended to appeal the March 6, 2025, order and that the judgment would impose undue hardship. On April 3, 2025, Mr. Timms filed a Motion for Rule to Show Cause arguing Ms. Haddix should be ordered to show cause as to why she should not be held in contempt for failing to provide the documents and pay the attorney fees, as ordered. On April 17, 2025, the circuit court held a hearing on both motions, and the court conditionally granted Ms. Haddix's motion for the stay pending her payment of an appellate bond of $2,000.00. The court then took Mr. Timms' motion to show cause under advisement. On May 9, 2025, the circuit court entered an order granting Ms. Haddix's motion to stay and noted Ms. Haddix posted her bond on May 1, 2025.

a showing of an abuse of such discretion." *Id.* at 314, 664 S.E.2d at 536 (citation omitted).[4] Further, the appellant bears the burden of proof to show that there was error in the proceeding below, with all presumptions being in favor of the trial court. *See id.*

On appeal, Ms. Haddix asserts five assignments of error, which we consolidate and reorder to accord with our analysis. *See HD Media Co., LLC v. W. Va. Univ. Bd. of Governors*, 251 W. Va. 249, ___, 912 S.E.2d 12, 17 (Ct. App. 2024) (reordering assignments of error to accord with the Court's analysis); *see also Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (per curiam) (stating related assignments of error may be consolidated for ruling).

For her first and fifth assignments of error, in part, Ms. Haddix argues the circuit court erred in entering default judgment because she did not receive proper notice of any filings other than the initial petition, and she was deprived of her due process rights. We disagree. On appeal, Ms. Haddix acknowledges that she was served with the underlying petition for declaratory relief but claims she never received any of the subsequent filings, including Mr. Timms' motion for default judgment and the notice of hearing. However, she fails to present any further argument or evidence in support of these claims.[5] As our Supreme Court of Appeals has held,

> An appellant must carry the burden of showing error in the judgment of which [s]he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment.

---

[4] Ms. Haddix did not file a motion to set aside the default judgment below. In one instance in which a self-represented petitioner appealed directly from a default judgment order without moving to set it aside below, the Supreme Court of Appeals construed the appeal as if such a motion had been filed and denied below. *See Beane v. Dailey*, 226 W. Va. 445, 447, 701 S.E.2d 848, 850 (2010) (per curiam). However, more recently, the Court distinguished *Beane* and declined to consider the merits of a self-represented petitioner's direct appeal of an order entering default judgment. *See State v. Taylor*, No. 21-0296, 2022 WL 1115892, at *3 (W. Va. Apr. 14, 2022) (memorandum decision). Because we find that Ms. Haddix has not demonstrated error in the circuit court's default judgment order, we decline to decide if she waived any challenge to that order by failing to file a motion to set aside in the circuit court.

[5] Further, we note an inherent contradiction in Ms. Haddix's claim—she sought a continuance of the February 11, 2025, hearing which indicates she had actual knowledge of Mr. Timms' motion being set for hearing on that date. Ms. Haddix neither reconciles this discrepancy nor addresses her failure to file a written response to either the petition or the motion for default judgment.

Syl. Pt. 5, *Morgan v. Price*, 151 W. Va. 158, 150 S.E.2d 897 (1966); *see also Cobble v. Lester*, No. 24-ICA-201, 2024 WL 5201017, at *2 (W. Va. Ct. App. Dec. 23, 2024) (memorandum decision). Ms. Haddix has failed to develop her arguments and has failed to meet her burden. We cannot find any error in the circuit court's order based on these unsupported assignments of error, particularly in light of Ms. Haddix's concession that she was served with the initial petition and never filed a response.

Next, Ms. Haddix's second assignment of error alleges the circuit court abused its discretion by awarding $4,243.38 in attorney fees pursuant to West Virginia Code § 29B-1-7 because it was an excessive award and the court did not require Mr. Timms to submit supporting documentation and justification.[6] Again, we disagree. West Virginia Code § 29B-1-7 states as follows:

> Any person who is denied access to public records requested pursuant to this article and who successfully brings a suit filed pursuant to section five of this article shall be entitled to recover his or her attorney fees and court costs from the public body that denied him or her access to the records.

In this case, Ms. Haddix argues that Mr. Timms failed to provide any timekeeping or billing statements to support this award and argues this fee award is speculative and excessive. However, Mr. Timms has provided the engagement letter between Mr. Timms and his counsel as well as a detailed listing of fees and expenses in his supplemental appendix, and these documents were stamped as filed in the circuit court on February 27, 2025. Ms. Haddix's arguments here are contradicted by the record on appeal. Again, she has failed to show error in the circuit court's decision.

Finally, Ms. Haddix's third and fourth assignments of error argue the circuit court erred in proceeding with its April 17, 2025, hearing because she did not receive timely notice of the hearing, and this appeal was already pending. Her fifth assignment of error similarly argues, in part, the circuit court violated her right to due process in denying her motion for continuance of the April 17, 2025, hearing. However, the only order on appeal was entered on March 6, 2025, and these assignments of error all relate to events memorialized in the circuit court's May 9, 2025, order.

---

[6] Only a "public body," as defined under West Virginia Code § 29B-1-2(4) (2021), is liable for attorney's fees under West Virginia Code § 29B-1-7. *See also* W. Va. Code § 29B-1-3(a) (2015) ("Every person has a right to inspect or copy any public record of a public body in this state, except as otherwise expressly provided by section four of this article.") The complaint did not name Ms. Haddix in her official capacity as the mayor of the City of Pleasant Valley.

Rule 5(b) of the West Virginia Rules of Appellate Procedure states "the party appealing shall file the notice of appeal, including attachments required in the notice of appeal form contained in Appendix A of these Rules." Appendix A requires petitioners to "ATTACH COPIES OF ALL ORDERS BEING APPEALED." Orders that are not attached to the notice of appeal are not properly before this Court and will not be considered. *See Goff v. Smith*, No. 23-ICA-299, 2024 WL 4052866, at *4 (W. Va. Ct. App. Sept. 4, 2024) (memorandum decision); *see also Gilhuys v. Hardy County 911 Center*, No. 23-759, 2025 WL 1779845, at *3 n.7 (W. Va. June 27, 2025) (memorandum decision) (finding that the ICA properly excluded an order from consideration that was not in the petitioner's notice of appeal). As a result, we decline to address these assignments of error because the May 9, 2025, order was not attached to the notice of appeal and these issues are not properly before this Court.

Accordingly, we affirm the circuit court's March 6, 2025, order.

Affirmed.


**ISSUED:** December 4, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

5