Ellis v. Kimbrough

————————

DALE M. ELLIS AND WIFE, MARY ELIZABETH ELLIS v. EMMETT NATHAN KIMBROUGH

No. 796SC1206

(Filed 3 June 1980)

Process § § 1.2, 3.1; Rules of Civil Procedure § 4— defect in copy of summons served on defendant — alias summons — continuance of action

Where an action was validly commenced by the filing of a complaint on 27 August 1979, well within the period of the statute of limitations, a valid original summons was issued on 28 August 1979, the attempted service of this summons on 3 September 1979 was defective in that the copy of the summons delivered to defendant incorrectly indicated that the action was pending in Pitt rather than in Bertie County, and plaintiffs then procured the issuance of an alias summons which was served on defendant on 29 September 1979, plaintiffs' action was continued in existence as to defendant by the alias summons until valid service of the summons was obtained upon defendant, and the trial court erred in dismissing plaintiffs' action on the ground that it was barred by the statute of limitations. G.S. 1A-1, Rule 4(d)(2).

APPEAL by plaintiffs and defendant from *Small, Judge.* Judgment entered 8 November 1979 in Superior Court, BERTIE County. Heard in the Court of Appeals 22 May 1980.

Plaintiffs commenced this action on 27 August 1979 by filing complaint in the Superior Court in Bertie County in which they alleged they were injured by defendant's negligence in an automobile collision which occurred on 10 September 1976. Original summons was issued by the assistant clerk of superior court of Bertie County on 28 August 1979 and was delivered to the sheriff for service. On 3 September 1979 a deputy sheriff of Bertie County attempted service by delivering a copy of the complaint and what purported to be a copy of the summons to the defendant in Bertie County. The original summons bore the notation at the top, "State of North Carolina, County of Bertie," but the copy delivered to defendant bore the notation, "State of North Carolina, County of Pitt." In all other respects the copy of the summons delivered to defendant was identical to the original summons which had been issued by the assistant clerk of superior court of Bertie County.

On 24 September 1979 defendant moved pursuant to Rules 12(b)(2), (4), and (5) of the Rules of Civil Procedure to quash the summons and the service of summons for lack of jurisdiction over the person of the defendant. On 28 September 1979 an alias summons was issued by the deputy clerk of superior court of Bertie County, and on 29 September 1979 a copy of the alias summons and a copy of the complaint were served on the defendant by a deputy sheriff in Bertie County.

On 10 October 1979 plaintiffs filed a motion to amend the copy of the original summons which had been served on the defendant on 3 September 1979 by changing the word "Pitt" in the upper left-hand corner to the word "Bertie," so that the copy would conform with the original summons in all respects.

On 15 October 1979 defendant filed a motion under Rule 12(b)(6) to dismiss plaintiffs' action for failure to state a claim upon which relief can be granted in that the complaint discloses on its face that the cause of action arose on 10 September 1976 and is barred by the three-year statute of limitations. Plaintiffs responded by requesting that, in the event the court should grant involuntary dismissal of their action, the dismissal be without prejudice and that plaintiffs be allowed one year in which to bring a new action based on the same claim.

All motions came on for hearing before Judge Small, who, on 8 November 1979, entered judgment dismissing the action without prejudice to plaintiffs' right to bring a new action based on the same claim within 30 days from the date of the judgment. From this judgment both plaintiffs and defendant appealed.

*Laurence S. Graham and William Sidney Aldridge for plaintiffs.*

*Gram & Baker by Ronald G. Baker and Pritchett, Cooke and Burch for defendant.*

PARKER, Judge.

It was error for the court to dismiss plaintiffs' action. The action was validly commenced when the complaint was filed on 27 August 1979, well within the period of the statute of limitations. A valid original summons was issued on 28 August 1979, within the five day period after the filing of the complaint prescribed by Rule 4(a). True, the attempted service of this summons on 3 September 1979 was defective in that the copy of the summons delivered to defendant incorrectly indicated that the action was pending in Pitt rather than in Bertie County, *see Harrell v. Welstead,* 206 .N.C. 817, 175 S.E. 283 (1934); *Brantley v.*

Ellis v. Kimbrough

*Sawyer,* 5 N.C. App. 557, 169 S.E. 2d 55 (1969), but the mistake on the copy did not in any way invalidate the original summons, which was itself in all respects correct. Rule 4(c) of the Rules of Civil Procedure provides that service of summons must be made within 30 days after the date of issuance of the summons (except in certain tax and assessment foreclosure actions not here applicable), "[b]ut the failure to [make service within the time allowed] shall not invalidate the summons."

When plaintiffs learned that the summons had not been validly served within 30 days after the date of its issuance as required by Rule 4(c), they procured the issuance of an alias summons, as they had a right to do under Rule 4(d)(2). That Rule provides:

(d) ... When any defendant in a civil action is not served within the time allowed for service, *the action may be continued in existence as to such defendant* by either of the following methods of extension:

\*   \*   \*

(2) The plaintiff may sue out an alias or pluries summons returnable in the same manner as the original process. Such alias or pluries summons may be sued out at any time within 90 days after the date of issue of the last preceding summons in the chain of summonses or within 90 days of the last prior endorsement. (Emphasis added.)

By the express language of Rule 4(d), plaintiffs' action, which had been commenced when the complaint was filed on 27 August 1979, was continued in existence as to the defendant when plaintiffs, within the time permitted by Rule 4(d)(2), sued out a valid alias summons. The record reveals that service of this alias summons was made on the defendant on 29 September 1979, and defendant has not questioned the validity of that service. Plaintiffs' action having been commenced within the period permitted by the statute of limitations and having been continued in existence as to the defendant until valid service of summons was obtained upon him, it was error for the court to dismiss the action.

In re Ridge

*Mintz v. Frink*, 217 N.C. 101, 6 S.E. 2d 804 (1940) and *Lackey
v. Cook*, 40 N.C. App. 522, 253 S.E. 2d 335, *cert. denied* 297 N.C.
610, 257 S.E. 2d 218 (1979), are distinguishable from the present
case. The plaintiff in each of those cases failed in apt time to sue
out a valid alias summons, with the unfortunate result that the
original action was discontinued. Plaintiffs in the present ac-
tion did not make the same mistake.

Holding as we do that the court erred in dismissing plain-
tiffs' action, we do not reach the question sought to be pre-
sented by defendant's appeal from the portion of the court's
judgment which permitted plaintiffs to bring a new action with-
in 30 days of the date of the judgment.

The judgment dismissing plaintiff's action is

Reversed.

Judges HEDRICK and VAUGHN concur.