549 S.E.2d 306

Jewell Lynn COOK, Plaintiff
Below, Appellee,

v.

CHANNEL ONE, INC., Trudy A. Dozer,
Ransford G. Lawrence, and John
Doe, Defendants Below,

Carole Leasing Corporation, Defendant
Below, Appellant.

No. 28488.

Supreme Court of Appeals of
West Virginia.

Submitted March 20, 2001.

Decided April 6, 2001.

David M. Thomas, Kay, Casto & Chaney, P.L.L.C., Morgantown, Christopher P. Bastien, Bastien & Martin, L.C., Charleston, for the Appellant, Carole Leasing Corporation.

John C. Skinner, F. Samuel Byrer, Peter Ashby Pentony, Nichols & Skinner, Charles Town, for the Appellee, Jewell Lynn Cook.

## PER CURIAM.

This appeal was filed by Carole Leasing Corporation, appellant/defendant below (hereinafter referred to as "CLC"), from an order of the Circuit Court of Berkeley County denying CLC's motion to set aside a judgment by default. The judgment by default was entered in favor of Jewell Lynn Cook, appellee/plaintiff below (hereinafter referred to as "Ms. Cook"). Before this Court, CLC argues that the circuit court committed error in denying its motion to set aside the judgment by default. After a thorough review of the record and briefs, this case is reversed and remanded.

## I.

### FACTUAL AND PROCEDURAL HISTORY

On the evening of January 25, 1997, Ms. Cook was struck by a car as she walked through the parking lot of a Martinsburg, West Virginia, nightclub called Channel One Club. The driver of the car fled the scene without stopping. Ms. Cook sustained a severe injury to her right leg.

On January 15, 1999, Ms. Cook filed a John Doe suit naming CLC as a defendant.[1] The complaint alleged that CLC owned the vehicle which struck Ms. Cook.[2] Service of process was made on CLC, as an out-of-state business, through the Office of the Secretary of State by certified mail to CLC's registered agent and president, George A. Wall, Jr.[3] Service was accepted by Mr. Wall's wife, Eileen Wall, on January 27, 1999. It is undisputed that Mr. Wall gave the summons and complaint to CLC's claims clerk. How-

---

1. Other defendants, *i.e.*, Channel One Club, Trudy A. Dozer and Ransford G. Lawrence, were named in the suit. These defendants were eventually dismissed from the case.

2. CLC is purported to be a car leasing business.

3. The mailing address for Mr. Wall was 620 Oceanview Road, Brielle, New Jersey.

ever, CLC did not file an answer to the complaint.

On March 10, 1999, Ms. Cook moved for judgment by default against CLC. On March 11, 1999, the circuit court entered a judgment by default against CLC only on the issue of liability.[4] Not until December 16, 1999,[5] did CLC enter the case by filing a motion to set aside the judgment by default.[6] On April 25, 2000, the circuit court issued an order denying CLC's motion to set aside the judgment by default. From that order CLC now appeals.

## II.

## STANDARD OF REVIEW

The circuit court's order indicates that CLC's motion to set aside the judgment by default was reviewed under Rule 60(b) of the West Virginia Rules of Civil Procedure. It is well-settled that "[a] motion to vacate a judgment made pursuant to Rule 60(b), W. Va.R.C.P., is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion."[7] Syl. pt. 5, *Toler v. Shelton,* 157 W.Va. 778, 204 S.E.2d 85 (1974). *See also* Syl. pt. 1, *Jackson Gen. Hosp. v. Davis,* 195 W.Va. 74, 464 S.E.2d 593 (1995); Syl. pt. 1, *Nancy Darlene M. v. James Lee M.,* 195 W.Va. 153, 464 S.E.2d 795 (1995). This Court has stated that circuit courts, when considering Rule 60(b) motions, should be mindful that the rule "is to be liberally construed for the purpose of accomplishing justice and that it was designed to facilitate the desirable legal objective that cases are to be decided on the merits." Syl. pt. 6, in part, *Toler,* 157 W.Va. 778, 204 S.E.2d 85. *See* Syl. pt. 2, *Hamilton Watch Co. v. Atlas Container, Inc.,* 156 W.Va. 52, 190 S.E.2d 779 (1972) ("Inasmuch as courts favor the adjudi-

cation of cases on their merits, Rule 60(b) of the West Virginia Rules of Civil Procedure should be given a liberal construction."). This is true especially, but not exclusively, in the context of default judgments. *See Cruciotti v. McNeel,* 183 W.Va. 424, 430, 396 S.E.2d 191, 197 (1990). Nevertheless, "[a] circuit court is not required to grant a Rule 60(b) motion unless a moving party can satisfy one of the criteria enumerated under it." *Powderidge Unit Owners v. Highland Props. Ltd.,* 196 W.Va. 692, 706, 474 S.E.2d 872, 886 (1996). Furthermore, while we are "quite willing to review default judgments and to overturn them in cases where good cause is shown, a demonstration of such good cause is a necessary predicate to our overruling a lower court's exercise of discretion." *Hinerman v. Levin,* 172 W.Va. 777, 782, 310 S.E.2d 843, 848 (1983).

Thus,

[w]here the law commits a determination to a trial judge and his discretion is exercised with judicial balance, the decision should not be overruled unless the reviewing court is actuated, not by a desire to reach a different result, but by a firm conviction that an abuse of discretion has been committed.

*Intercity Realty Co. v. Gibson,* 154 W.Va. 369, 377, 175 S.E.2d 452, 457 (1970). Additionally, "[o]n an appeal to this Court the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." Syl. pt. 2, *Perdue v. Coiner,* 156 W.Va. 467, 194 S.E.2d 657 (1973). With these considerations in mind, we now proceed to address the issues before us.

---

4. On March 24, 1999, Ms. Cook belatedly posted the statutory nonresident defendant's bond.

5. CLC indicated that the motion was filed on December 15. However, the motion was stamped as filed on December 16.

6. At the time the motion was made, the case had been removed to the United States District Court for the Northern District of West Virginia by one of the other defendants. CLC's motion was

therefore initially filed in federal court. The federal district judge eventually dismissed the case from its docket and remanded the proceeding to the circuit court.

7. CLC invites this Court to apply a *de novo* standard of review. This standard is inappropriate based upon the issues presented to and ruled upon by the circuit court in its order.

## III.

## DISCUSSION

### *Rule 60(b) Motion*

CLC contends that the circuit court abused its discretion by denying its Rule 60(b) motion for relief from judgment.[8] The circuit court denied CLC's motion based upon an analysis of some of the criteria this Court established in Syllabus point 3 of *Parsons v. Consolidated Gas Supply Corp.*, 163 W.Va. 464, 256 S.E.2d 758 (1979):

> In determining whether a default judgment should be entered in the face of a Rule 6(b) motion or vacated upon a Rule 60(b) motion, the trial court should consider: (1) The degree of prejudice suffered by the plaintiff from the delay in answering; (2) the presence of material issues of fact and meritorious defenses; (3) the significance of the interests at stake; and (4) the degree of intransigence on the part of the defaulting party.

*See* Syl. pt. 2, *State ex rel. United Mine Workers of America, Local Union 1938 v. Waters*, 200 W.Va. 289, 489 S.E.2d 266 (1997); Syl. pt. 2, *Jackson Gen. Hosp. v. Davis*, 195 W.Va. 74, 464 S.E.2d 593; Syl. pt. 5, *White v. Berryman*, 187 W.Va. 323, 418 S.E.2d 917 (1992); Syl. pt. 5, *Hinerman v. Levin*, 172 W.Va. 777, 310 S.E.2d 843 (1983). We are reminded that these factors "do not automatically relieve a defendant from the consequences of a default as there still must be some showing of excusable neglect." *Coury v. Tsapis*, 172 W.Va. 103, 110, 304 S.E.2d 7, 14 (1983). The decision in *Parsons* emphasized that "there is the necessity to show some excusable or unavoidable cause to explain the delay in answering. Obviously, the stronger the excusable neglect or good cause shown, the more appropriate it is to give relief against the default judgment." *Parsons*, 163 W.Va. at 471, 256 S.E.2d at 762.

Therefore, we must review the circuit court's ruling based upon an application of the *Parsons* factors.

**1. Degree of prejudice to Ms. Cook.** The initial inquiry under *Parsons* is a determination of the degree of prejudice to Ms. Cook if the judgment by default is vacated. The circuit court found that "substantial prejudice" would occur because Ms. Cook "made the decision to dismiss the claims against the premises liability defendants."

In this appeal CLC contends that no prejudice would result from vacating the judgment by default. CLC points out that the reason the other defendants were dismissed was because the defendants had no insurance coverage. Therefore, vacating the judgment by default would not result in prejudice.

Ms. Cook admits that the other defendants were dismissed because of lack of insurance coverage. However, Ms. Cook still contends that she has been prejudiced by their dismissal. Ms. Cook argues that she would be further prejudiced because witnesses may no longer be available, and it may now be impossible to locate the John Doe driver of the car allegedly owned by CLC.

The trial court relied specifically upon Ms. Cook's dismissal of other defendants as the basis for finding substantial prejudice. However, CLC has pointed out, and Ms. Cook does not dispute, that the other defendants were judgment proof because of the lack of insurance coverage. Therefore, we are not convinced that "substantial prejudice" would result from setting aside the judgment by default.[9]

**2. Presence of material issues of fact and meritorious defenses.** The second factor to consider under *Parsons* is whether CLC has shown that material issues of fact and meritorious defenses exist.[10] We have previously indicated that this factor seeks to

---

**8.** Rule 60(b) provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, or proceedings for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect or unavoidable cause; ... (6) any other reason justifying relief from the operation of the judgment.

**9.** Nor are we convinced that such an inordinate amount of time has elapsed so as to make the issue of witness availability and memory an insurmountable hurdle for Ms. Cook's case.

**10.** The circuit court's order did not discuss this factor.

determine whether "there is ... reason to believe that a result different from the one obtained would have followed from a full trial." *Hinerman v. Levin*, 172 W.Va. at 783–84, 310 S.E.2d at 850.

■ In the instant case, CLC contends that it neither owned nor possessed the car involved in this matter. CLC submitted an affidavit from its president, Mr. Wall, indicating that the license plate allegedly on the car that hit Ms. Cook was locked in a safe and was not assigned to any vehicle.[11] In essence, CLC's defense denies liability and therefore disputes material allegations in Ms. Cook's complaint. In *Parsons* we determined that when a defendant "disputes the material allegations of the plaintiff's complaint, and its defense is essentially that it is not liable[,][t]he requirement of a meritorious defense exists." *Parsons*, 163 W.Va. at 474, 256 S.E.2d at 763.[12] We therefore find that CLC has satisfied *Parsons'* second factor.

**3. Significance of the interests at stake.** Under *Parsons'* third factor we must examine the interests at stake in the litigation.[13] CLC points out that Ms. Cook seeks medical expenses and lost wages in excess of $65,000 in addition to noneconomic damages for pain and suffering and punitive damages. Obviously the potential damages recoverable in this case are significant. *See*

*Parsons*, 163 W.Va. at 473, 256 S.E.2d at 763 (noting that "monetary damages in the amount of $35,000, ... is not an insignificant claim").

**4. Degree of intransigence by CLC.** Under *Parsons* we are also obligated to examine the degree of intransigence by CLC in responding to the complaint. The circuit court found CLC's intransigence was substantial. According to the record in this case, nearly eleven months passed after the complaint was filed before CLC responded to the action by filing a motion to set aside the judgment by default. We have little hesitancy in agreeing with the trial court that the intransigence in this case was significant.

**5. Excusable neglect.** Under *Parsons*, a defaulting party must show some excusable or unavoidable cause to explain the delay in answering the complaint. The circuit court found that CLC failed to provide an adequate excuse for failing to timely respond to the complaint. In this appeal, CLC has indicated that, when it received the summons and complaint, the papers were forwarded to its insurer. CLC appears to be asserting that its insurer was at fault because it did not timely respond to the complaint. This Court noted in *Parsons*, 157 W.Va. at 190, 202 S.E.2d at 636, that "the majority of the reported cases appear to hold that where an

11. CLC also alleges that Ms. Cook informed the police that the car had a license plate that was issued by New York. In response to this allegation, CLC contends it has no plates registered in New York.

12. CLC has also raised issues concerning sufficiency of process and sufficiency of service of process. The circuit court found that these issues were not properly raised in CLC's written motion. It appears that CLC first raised the issues during oral arguments on the motion. We see no basis to disturb the circuit court's decision not to entertain the issues in the manner presented. However, our ruling does not preclude CLC from raising and asserting both defenses in its answer.

    CLC further argues that Ms. Cook failed to initially post the required out-of-state defendant bond. This issue is without merit because Ms. Cook subsequently posted the bond. Additionally, CLC contends that the circuit court lacks jurisdiction over it because it is a New Jersey corporation that does no business in West Virginia. The circuit court did not address the issue

of personal jurisdiction. As a result of the posture of this case, we are unable to address the matter on its merits; ultimately the issue of jurisdiction is intertwined with the issue of who owned or possessed the vehicle that struck Ms. Cook. *See State ex rel. United Mine Workers of America, Local Union 1938 v. Waters*, 200 W.Va. 289, 300, 489 S.E.2d 266, 276 (1997) (declining to address the issue of jurisdiction because it was enmeshed in the issue of liability). We will note, however, that as a car leasing corporation, CLC would presumptively be under the jurisdiction of any state where its vehicle causes an injury. *See* Syl. pt. 2, *Hill by Hill v. Showa Denko, K.K.*, 188 W.Va. 654, 425 S.E.2d 609 (1992) ("Personal jurisdiction 'premised on the placement of a product into the stream of commerce is consistent with the Due Process Clause' and can be exercised without the need to show additional conduct by the defendant aimed at the forum state.") (quoting *Asahi Metal Industry Co. v. Superior Court of California*, 480 U.S. 102, 117, 107 S.Ct. 1026, 1034, 94 L.Ed.2d 92 (1987)).

13. The circuit court's order did not address this issue.

insurance company has misfiled papers this amounts to excusable neglect on the part of the defendant." (Citations omitted). In the instant case, CLC's placement of fault on its insurer is a contention that dangles precariously on the thin line of excusable neglect.

6. **Summation of Parsons' analysis.** In this case we have determined that Ms. Cook has not suffered any substantial prejudice because of CLC's untimely response to the complaint. We have also determined that material issues of fact and meritorious defenses exist, and that the interests at stake in the litigation are significant. These factors must be weighed against the high level of intransigence on the part of CLC in responding to the complaint, and CLC's questionable establishment of excusable neglect. We believe that the balance in this case leans toward finding that the trial court abused its discretion in denying CLC's motion to set aside the judgment by default.

 Although we have grave concerns about CLC's long delay in responding to the complaint and its questionable placement of fault on its insurer, we believe the defenses alleged by CLC and the lack of undue prejudice to Ms. Cook present compelling reasons to allow this case to proceed. Our cases have made clear that "[i]f any doubt exists as to whether relief should be granted, such doubt should be resolved in favor of setting aside the default judgment in order that the case may be heard on the merits." *Graley v. Graley*, 174 W.Va. 396, 398, 327 S.E.2d 158, 160 (1985) (citing *McDaniel v. Romano*, 155 W.Va. 875, 878, 190 S.E.2d 8, 11 (1972)).

### IV.

### CONCLUSION

In view of the foregoing, the trial court's order denying CLC's motion to set aside the judgment by default is reversed, and this case is remanded.

Reversed and Remanded.

McGRAW, Chief Justice, dissents.