# IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

## January 2022 Term

_____

No. 21-0332

_____

**FILED**

**April 26, 2022**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RESOURCES LIMITED, LLC,**
**Defendant Below, Petitioner,**

**V.**

**NEW TRINITY COAL, INC.,**
**Plaintiff Below, Respondent.**

_____

**Appeal from the Circuit Court of Fayette County**
**The Honorable Paul M. Blake, Jr., Judge**
**Civil Action No. 21-C-12**

**REVERSED AND REMANDED**
_____

**Submitted: March 15, 2022**
**Filed: April 26, 2022**

**Jace H. Goins**
**Christopher S. Etheredge**
**Steptoe & Johnson PLLC**
**Charleston, West Virginia**
**Attorneys for the Petitioner**

**Kirk Lightner**
**Lightner Law Offices PLCC**
**Scott Depot, West Virginia**
**Attorney for the Respondent**

**JUSTICE MOATS delivered the Opinion of the Court.**

**JUSTICE ALAN D. MOATS, sitting by temporary assignment.**

# SYLLABUS BY THE COURT

1. ""'"A motion to vacate a default judgment is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of discretion." Syl. Pt. 3, *Intercity Realty Co. v. Gibson*, 154 W. Va. 369, 175 S.E.2d 452 (1970)[, *overruled on other grounds by Cales v. Wills*, 212 W. Va. 232, 569 S.E.2d 479 (2002)].' Syllabus point 6, *Games-Neely ex rel. West Virginia State Police v. Real Property*, 211 W. Va. 236, 565 S.E.2d 358 (2002)." Syllabus point 1, *Hardwood Group v. LaRocco*, 219 W. Va. 56, 631 S.E.2d 614 (2006).

2. ""'"Appellate review of the propriety of a default judgment focuses on the issue of whether the trial court abused its discretion in entering the default judgment." Syllabus point 3, *Hinerman v. Levin*, 172 W. Va. 777, 310 S.E.2d 843 (1983).' Syllabus point 1, *Cales v. Wills*, 212 W. Va. 232, 569 S.E.2d 479 (2002)." Syllabus point 2, *Hardwood Group v. LaRocco*, 219 W. Va. 56, 631 S.E.2d 614 (2006).

3. "In determining whether a default judgment should be . . . vacated upon a Rule 60(b) motion, the trial court should consider: (1) The degree of prejudice suffered by the plaintiff from the delay in answering; (2) the presence of material issues of fact and meritorious defenses; (3) the significance of the interests at stake; and (4) the

i

degree of intransigence on the part of the defaulting party." Syllabus point 3, in part, *Parsons v. Consolidated Gas Supply Corp.*, 163 W. Va. 464, 256 S.E.2d 758 (1979).

4. "In addressing a motion to set aside a default judgment, 'good cause' requires not only considering the factors set out in Syllabus point 3 of *Parsons v. Consolidated Gas Supply Corp.*, 163 W. Va. 464, 256 S.E.2d 758 (1979), but also requires a showing that a ground set out under Rule 60(b) of the West Virginia Rules of Civil Procedure has been satisfied." Syllabus point 5, *Hardwood Group v. LaRocco*, 219 W. Va. 56, 631 S.E.2d 614 (2006).

**Moats, Justice:**

Petitioner Resources Limited, LLC ("Resources Limited") appeals from an order entered March 31, 2021, by the Circuit Court of Fayette County. The circuit court previously had entered a default judgment order against Resources Limited in favor of Respondent New Trinity Coal, Inc. ("New Trinity"). Immediately following the entry of the default judgment order, Resources Limited filed its answer and affirmative defenses and a motion pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure to set aside the default judgment. By its March 31, 2021 order, the circuit court denied the motion to set aside the default judgment. On appeal, Resources Limited asserts that the circuit court incorrectly applied the factors set out in *Parsons Consolidated Gas Supply Corp.*, 163 W. Va. 464, 256 S.E.2d 758 (1979), which will be more fully discussed *infra*, and failed to appropriately consider whether Resources Limited's conduct in failing to timely respond to the complaint was excusable.

Upon thorough review of the record, and upon careful consideration of the parties' briefs and oral arguments and the relevant law, we agree with Resources Limited that the circuit court erred in denying its motion to set aside the default judgment. Accordingly, we reverse the circuit court's March 31, 2021 order denying Resources Limited's motion to set aside the default judgment and remand for further proceedings consistent with this opinion.

1

# I.

## FACTUAL AND PROCEDURAL HISTORY

On February 12, 2021, New Trinity filed a complaint in the Circuit Court of Fayette County asserting claims of breach of contract and unjust enrichment against Resources Limited arising from a contract agreement between the parties. According to the complaint, Resources Limited and New Trinity entered a contract where Resources Limited agreed to mine coal on property owned by New Trinity in Fayette County, West Virginia. New Trinity asserted that at the time of filing the complaint, Resources Limited owed it $1,271,216.29 which contention it supported with an affidavit signed by New Trinity's chief financial officer. Additionally, New Trinity contended that it had "perfected a lien on [Resources Limited's] equipment to protect the substantial sums of money advanced to [Resources Limited] that had not been repaid in case the contract would ultimately be terminated."

Pursuant to the West Virginia Rules of Civil Procedure, New Trinity attached a civil case information statement to the complaint. The civil case information statement indicated that service was to be completed by the Secretary of State's Office and that Resources Limited would have thirty days from the date of such service to file its responsive pleading. According to New Trinity, Resources Limited received a copy of the complaint in three different ways: (1) by electronic mail on February 12, 2021; (2) by certified mail on February 17, 2021; and (3) by service on the Secretary of State's Office, perfected on February 22, 2021.

On March 23, 2021[1], New Trinity filed a motion for default judgment

pursuant to Rule 55[2] of the West Virginia Rules of Civil Procedure maintaining that it had

---

[1] March 23, 2021, was thirty-four days from February 17, 2021, the date Resources Limited received service via certified mail, and twenty-nine days from February 22, 2021, the date Resources Limited received service through the Secretary of State's Office.

[2] Rule 55(b) provides that

(b) Judgment. — Judgment by default may be entered as follows:

(1) By the clerk. — When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the court upon request of the plaintiff and upon affidavit of the amount due shall direct the entry of judgment by the clerk for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant, incompetent person, or convict.

(2) By the court. — In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant, incompetent person, or convict unless represented in the action by a guardian, guardian ad litem, committee, conservator, curator[,] or other representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary.

W. Va. R. Civ. P. 55.

served Resources Limited on February 17, 2021, via certified mail and again on February 22, 2021, via the Secretary of State's Office. New Trinity further asserted that as of March 23, 2021, Resources Limited had filed no responsive pleading and made no appearance in the matter. The very next day, on March 24, 2021, the circuit court granted the motion for default judgment. In its order, the circuit court directed the circuit clerk to enter an order awarding New Trinity "the sum certain set forth in [the c]omplaint" and directed the sheriff to seize mining equipment referenced in the complaint in which New Trinity claimed to have a secured financial interest. On the same day, the circuit court entered a separate order directing that New Trinity "be given immediate possession of the secured collateral" referenced in the complaint and, again, directing the sheriff to retrieve the collateral.

Shortly thereafter, on March 26, 2021, pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure, Resources Limited filed a motion to set aside the default judgment. Resources Limited argued that the civil case information statement filed by New Trinity along with its complaint specifically stated that service would be perfected through the Secretary of State's Office, and Resources Limited, therefore, "believed that [it] had been served on February 22, 2021." Additionally, counsel for Resources Limited stated that when it discussed this complaint with the president of Resources Limited, David Huffman, he indicated that "he had not been served personally and was not aware of receiving service of process through any other method." Furthermore, Resources Limited denied that its president had signed the return receipt for the certified mail containing a copy of the complaint. Resources Limited maintained that it had served its answer and

4

affirmative defenses by certified mail on March 24, 2021.[3]  Finally, Resources Limited argued that it should be granted relief because (1) New Trinity would not be prejudiced by the continuation of the action; (2) several of the material facts alleged by New Trinity were disputed and meritorious defenses existed; (3) a judgment of $1.2 million is a significant interest at stake; (4) there was no intransigence; and (5) excusable neglect existed.  New Trinity opposed the motion.

The circuit court conducted a hearing on the motion to set aside default judgment on March 30, 2021.  During the hearing, the circuit court stated that New Trinity suffered "extreme" prejudice because Resources Limited had control and use of equipment that was secured by New Trinity.  It also found "based upon all pleadings in this matter - - it appears that there are really no material issues of fact or meritorious defenses."   The circuit court concluded that there was a significant interest in this matter.  In addition, the circuit court decided that the failure to answer the complaint in a timely fashion was a stalling tactic and not for any valid reason.  The circuit court then summarily found that there was no evidence of excusable neglect.

Following the hearing, on March 31, 2021, the circuit court entered its order denying Resources Limited's motion to set aside the default judgment.  In its order, the

---

[3] This was thirty days from the date of service by the Secretary of State's Office.  The answer and affirmative defenses were not received by the circuit clerk's office until March 26, 2021.

circuit court explained that there are five factors that the court can consider in setting aside a default judgment and concluded that New Trinity

> ha[d] suffered an extreme prejudice by [Resources Limited's] actions and/or inactions in this matter. In support of this conclusion, the [c]ourt notes that [New Trinity] has a secured interest in the equipment owned (and still operated) by [Resources Limited]. Every day that [Resources Limited] is permitted to continue operating this equipment, and profiting from this work, [New Trinity] is prejudiced. Every day that this equipment is used, the value of said equipment diminishes. [New Trinity] has been owed substantial sums of money for almost two years now, and [Resources Limited] continues to operate its business to [New Trinity's] detriment.

Moreover, the circuit court ordered the "previously entered default judgment remain in place" and that Resources Limited "be forced to immediately idle its equipment, so [New Trinity] is not additionally financially damaged."

Subsequently, on April 14, 2021, New Trinity filed an emergency motion to enforce compliance with the circuit court's order denying the motion to set aside the default judgment. Through its motion, New Trinity asserted that it had spoken with counsel for Resources Limited several times "in an attempt to agree on a repayment plan whereby [New Trinity] would agree to not seize the equipment it has a lawful right to seize." New Trinity further argued that Resources Limited had failed to confirm that the equipment was idled and provide the physical location of each item of equipment. As a result, New Trinity requested the circuit court to order (1) Resources Limited's compliance with the default judgment order; (2) that Resources Limited confirm the equipment is idled; (3) that Resources Limited provide the specific location for all secured equipment; and (4) an

6

award of pre-judgment interest, post-judgment interest, and attorney's fees. Two days later the circuit court held a hearing and granted the motion, directed Resources Limited to comply, and found that Resources Limited's actions/inactions had been "contumacious" throughout the proceeding.

Thereafter, on April 19, 2021, Resources Limited filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the Southern District of West Virginia. The same day, Resources Limited filed with the circuit court a suggestion of bankruptcy which notified the circuit court of the bankruptcy filing and suggested that the circuit court action had been stayed by the operation of Title 11 U.S.C. §362. Resources Limited then filed the instant appeal from the circuit court's March 31, 2021 order denying its motion to set aside the default judgment. During the pendency of this appeal, on February 23, 2022, this Court received an order from the bankruptcy court indicating that this current appeal is exempted from the automatic stay.

## II.

### STANDARD OF REVIEW

With respect to motions made pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure to set aside a default judgment rendered pursuant to Rule 55 of the West Virginia Rules of Civil Procedure, we have held that

> "'[a] motion to vacate a default judgment is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a

7

showing of an abuse of discretion.' Syl. Pt. 3, *Intercity Realty Co. v. Gibson*, 154 W. Va. 369, 175 S.E.2d 452 (1970)[, *overruled on other grounds by Cales v. Wills*, 212 W. Va. 232, 569 S.E.2d 479 (2002)]." Syllabus point 6, *Games-Neely ex rel. West Virginia State Police v. Real Property*, 211 W. Va. 236, 565 S.E.2d 358 (2002).

Syl. pt. 1, *Hardwood Grp. v. LaRocco*, 219 W. Va. 56, 631 S.E.2d 614 (2006). Furthermore,

"'[a]ppellate review of the propriety of a default judgment focuses on the issue of whether the trial court abused its discretion in entering the default judgment.' Syllabus point 3, *Hinerman v. Levin*, 172 W. Va. 777, 310 S.E.2d 843 (1983)." Syllabus point 1, *Cales v. Wills*, 212 W. Va. 232, 569 S.E.2d 479 (2002).

Syl. pt. 2, *Hardwood*, 219 W. Va. 56, 631 S.E.2d 614. However, we are mindful that there is also a presumption in favor of adjudication of cases upon their merits. *See generally Farm Family Mut. Ins. Co. v. Thorn Lumber Co.*, 202 W. Va. 69, 72, 501 S.E.2d 786, 790 (1998). With these considerations in mind, we examine the parties' arguments.

## III.

## DISCUSSION

Resources Limited raises a single assignment of error on appeal: the circuit court erred in denying Resources Limited's motion to set aside the default judgment because it incorrectly applied the *Parsons* factors and failed to appropriately consider whether Resources Limited's conduct was excusable. In general, Resources Limited argues that the circuit court abused its discretion in denying Resources Limited's motion to set aside the default judgment because the circuit court "failed to consider all of the

8

factors which this Court has admonished trial courts to consider when ruling on a motion filed under Rule 60(b) of the West Virginia Rules of Civil Procedure, inappropriately weighed the factors it did consider, and considered improper factors when reaching its conclusion." We agree.

This Court's law on whether to vacate a default judgment is well-established. We previously have held that

> [i]n determining whether a default judgment should be . . . vacated upon a Rule 60(b) motion, the trial court should consider: (1) The degree of prejudice suffered by the plaintiff from the delay in answering; (2) the presence of material issues of fact and meritorious defenses; (3) the significance of the interests at stake; and (4) the degree of intransigence on the part of the defaulting party.

Syl. pt. 3, in part, *Parsons v. Consol. Gas Supply Corp.*, 163 W. Va. 464, 256 S.E.2d 758 (1979). This Court further explained in *Hardwood* what a defendant is required to demonstrate when moving a circuit court to set aside a default judgment:

> In addressing a motion to set aside a default judgment, "good cause" requires not only considering the factors set out in Syllabus point 3 of *Parsons v. Consolidated Gas Supply Corp.*, 163 W. Va. 464, 256 S.E.2d 758 (1979), but also requires a showing that a ground set out under Rule 60(b) of the West Virginia Rules of Civil Procedure has been satisfied.

Syl. pt. 5, *Hardwood*, 219 W. Va. 56, 631 S.E.2d 614. Accordingly, we stated, "[i]n summary, the *Parsons* factors and excusable neglect, or any other relevant factor under

9

Rule 60(b)[4], constitute 'good cause' for setting aside a default judgment." *Hardwood*, 219

W. Va. at 63, 631 S.E.2d at 621 (footnote added). Additionally,

> [i]n determining the discretion issue, we have established as a basic policy that cases should be decided on their merits, and consequently default judgments are not favored and a liberal construction should be accorded a Rule 60(b) motion to vacate a default order. *See* Syllabus Point 2 of *Parsons v. McCoy*, 157 W. Va.183, 202 S.E.2d 632 (1973), and *Hamilton Watch Co. v. Atlas Container, Inc.*, [156 W. Va. 52, 190 S.E.2d 779 (1972)].

*Parsons*, 163 W. Va. at 471, 256 S.E.2d at 762. *See also Carpenter v. Walker*, No. 18-0683, 2020 WL 2735564, at *3 (W. Va. May 26, 2020)(memorandum decision) ("It is settled law in West Virginia that a case should ordinarily be disposed of on its merits. As we stated in *State ex rel. Richmond American Homes of West Virginia, Inc. v. Sanders*, 226 W. Va. 103, 113, 697 S.E.2d 139, 149 (2010), 'the sanction of default judgment "should be used sparingly and only in extreme situations [in order to effectuate] the policy of the law favoring the disposition of cases on their merits."' (quoting *Bell v. Inland Mut. Ins. Co.*, 175 W. Va. 165, 172, 332 S.E.2d 127, 134 (1985)).").

With these guiding principles in mind, we analyze the instant case with respect to the *Parsons* and *Hardwood* factors.

---

[4] Pursuant to Rule 60(b)(1), a defaulting party may show good cause on the basis of "[m]istake, inadvertence, surprise, excusable neglect, or unavoidable cause[.]"

**1.      The degree of prejudice.**  We previously have explained that "[t]he initial inquiry is the degree of prejudice to [the plaintiff] if the default judgment is vacated." *Hardwood*, 219 W. Va. at 64, 631 S.E.2d at 622.  Specifically, in examining the prejudice factor, this Court has stated that

> [w]hen discussing the *West Virginia Rules of Civil Procedure* this Court often refers to, but does not consider binding, interpretations of the Federal Rules. . . .   Federal courts have ruled that prejudice occurs when circumstances have changed since the entry of the default judgment which impairs the plaintiff's ability to prosecute its claim.  On the other hand, federal courts have said that
>
>> . . . the fact that the plaintiff would have to try the case on the merits if relief is granted is not the kind of prejudice that should preclude relief. Similarly, the fact that reopening the judgment would delay plaintiff's possible recovery has not, in itself, been deemed to bar relief.
>
> 10A *Fed. Prac. & Proc.* § 2699 (Civ. 3d. 1998). Also, the fact that a party may be required to undergo the expense of preparing and conducting a trial on the merits is an insufficient basis for denying relief from default.  Furthermore, we believe the authority granted West Virginia trial courts under Rule 60(b) when granting relief from a default judgment to impose ". . . such terms as are just . . ." provides courts with the power to minimize the effect upon the non-defaulting party when ordering relief from default judgments.  We find these principles consistent with our jurisprudence and applicable to the instant case.

*Groves v. Roy G. Hildreth & Son, Inc.*, 222 W. Va. 309, 315-16, 664 S.E.2d 531, 537-38 (2008) (per curiam) (citation omitted).

11

In the matter sub judice, Resources Limited asserts that the circuit court abused its discretion regarding this factor because the circuit court misinterpreted it as allowing prejudice to result from New Trinity being compelled to litigate its claims. In its order, the circuit court found that New Trinity had suffered "extreme prejudice" because it had a secured interest in equipment owned and operated by Resources Limited and that every day the equipment is used, the value diminishes.

There is nothing in the circuit court's analysis that identifies any prejudice that New Trinity would experience *as a result of the reinstatement of the case*. In particular, there is no suggestion that any evidence or witness testimony would be lost if the default judgment is vacated. *See, e.g.*, *Cook v. Channel One, Inc.*, 209 W. Va. 432, 549 S.E.2d 306 (2001) (per curiam) (finding no prejudice). *See also Cales v. Wills*, 212 W. Va. 232, 242, 569 S.E.2d 479, 489 (2002) ("All that Mr. Cales has shown is that setting aside the judgment of default as to liability would mean further delay in obtaining full compensation for his injuries. There has been no suggestion by Mr. Cales that evidence or witness testimony would be lost."). In other words, the record is devoid of any indication that circumstances have changed since the entry of the default judgment which would impair New Trinity's ability to prosecute its claims on the merits.[5] As such, this factor favors Resources Limited's request to set aside the default judgment.

---

[5] The circuit court also relied on the potential equipment harm, which is misplaced because Resources Limited denies that any such valid security interest exists, and the only evidence New Trinity has produced is an unsigned UCC financing statement. West Virginia Code § 46-9-203(a) (eff. 2006) provides that "[a] security interest attaches

**2. The presence of material issues of fact and meritorious defenses.**

This Court has said that

> [w]e are guided by the explanation that this factor focuses on whether "'there is . . . reason to believe that a result different from the one obtained would have followed from a full trial.' *Hinerman v. Levin*, 172 W. Va. 777, 783-84, 310 S.E.2d 843, 850 (1983)." *Cales*, 212 W. Va. at 242, 569 S.E.2d at 489.

---

to collateral when it becomes enforceable against the debtor with respect to the collateral, unless an agreement expressly postpones the time of attachment." West Virginia Code § 46-9-203(b) (eff. 2006) explains when a security interest is enforceable:

> (b) Enforceability. Except as otherwise provided in subsections (c) through (i), inclusive, of this section, a security interest is enforceable against the debtor and third parties with respect to the collateral only if:
> (1) Value has been given;
> (2) The debtor has rights in the collateral or the power to transfer rights in the collateral to a secured party; and
> (3) One of the following conditions is met:
> (A) The debtor has authenticated a security agreement that provides a description of the collateral and, if the security interest covers timber to be cut, a description of the land concerned;
> (B) The collateral is not a certificated security and is in the possession of the secured party under section 9-313 [§ 46-9-313] pursuant to the debtor's security agreement;
> (C) The collateral is a certificated security in registered form and the security certificate has been delivered to the secured party under section 8-301 [§46-8-301] pursuant to the debtor's security agreement; or
> (D) The collateral is deposit accounts, electronic chattel paper, investment property letter-of-credit rights, or electronic documents, and the secured party has control under section 7-106 [§ 46-7-106], 9-104 [§ 46-9-104], 9-105 [§ 46-9-105], 9-106 [§ 46-9-106,] or 9-107 [§ 46-9-107] pursuant to the debtor's security agreement.

13

*Hardwood*, 219 W. Va. at 64, 631 S.E.2d at 622. We have had the opportunity to examine this factor on multiple occasions. For example, in *Cook*, this Court found that

> [i]n essence, CLC's defense denies liability and therefore disputes material allegations in Ms. Cook's complaint. In *Parsons* we determined that when a defendant "disputes the material allegations of the plaintiff's complaint, and its defense is essentially that it is not liable[,] [t]he requirement of a meritorious defense exists." *Parsons*, 163 W. Va. at 474, 256 S.E.2d at 763. We therefore find that CLC has satisfied *Parsons*' second factor.

*Id.*, 209 W. Va. at 436, 549 S.E.2d at 310 (footnote omitted). Similarly, in *Cales*, we explained that

> [a]lthough we make no comment on whether National could prevail on its two primary defenses, the defenses do satisfy *Parsons*' second requirement. *See, e.g.*, *State ex rel. United Mine Workers of Am., Local Union 1938 v. Waters*, 200 W. Va. 289, 299, 489 S.E.2d 266, 276 (1997) ("There is no reason to conclude at this juncture that the petitioners' defenses are not meritorious.").

*Id.*, 212 W. Va. at 242, 569 S.E.2d at 489.

Here, the circuit court did not specifically address this factor in its written order; however, during the hearing, the court summarily disposed of the issue by finding that "based upon all the pleadings in this matter - - it appears that there are really no material issues of fact or meritorious defenses. This appears to be a stalling tactic on behalf of [Resources Limited]." However, in its answer, Resources Limited explicitly denied numerous factual assertions from New Trinity's complaint and denied most of the

substantive claims as well.[6]  Moreover, Resources Limited asserted ten affirmative defenses.  While we make no specific findings with respect to whether Resources Limited will ultimately succeed with respect to any of its asserted defenses, Resources Limited has satisfied this factor.

3.      **The significance of the interests at stake.**  The amount of the default judgment in the underlying matter was approximately $1.2 million.  "The award of such a large amount of damages on a default judgment must be seriously and carefully considered."  *State ex rel. Monster Tree Serv., Inc. v. Cramer*, 244 W. Va. 355, 368, 853 S.E.2d 595, 608 (2020).  When previously examining this factor, we have found substantially lesser amounts to be significant.  *See Groves*, 222 W. Va. at 316, 664 S.E.2d at 538 ("The default judgment was in the amount of $704,000.00.  We consider a judgment

---

[6] For instance, Resources Limited denies (1) that New Trinity agreed to advance substantial sums of money to Resources Limited in order to capitalize the work to be performed by Resources Limited; (2) that pursuant to the contract, $1.00 per ton would be withheld for reclamation; however, New Trinity did not withhold this amount from the Resources Limited's payments, making the same due and owing to New Trinity upon termination of the contract; (3) that Resources Limited continued to mine coal pursuant to the contract terms until approximately June 1, 2019, at which time the parties agreed to terminate the contract due to Resources Limited being unable to mine the tonnage specified in the contract; (4) that from approximately February 1, 2018, to June 1, 2019, Resources Limited invoiced New Trinity for work performed and New Trinity paid Resources Limited (and advanced additional funds) for the work performed; (5) that prior to the contact being terminated pursuant to the agreement of the parties, New Trinity, in early February of 2019, perfected a lien on Resources Limited's equipment to protect the substantial sums of money advanced to Resources Limited that had not been repaid in case the contract would be terminated; (6) that Resources Limited has refused to pay the monies owed, and has ceased communications with New Trinity's counsel; and (7) that the amount of $1,271,216.29 remains due and owing.

in this amount to be significant[.]"). *See also Arbuckle v. Smith*, No. 17-0239, 2018 WL 1444288, at *4 (W. Va. Mar. 23, 2018)(memorandum decision) (finding a default judgment in the amount of $51,423.95 "constitute[s] a significant amount"); *Parsons*, 163 W. Va. at 473, 256 S.E.2d at 763 (finding that "monetary damages in the amount of $35,000 . . . is not an insignificant claim").

While the circuit court did not specifically address this factor in its written order, during the hearing the circuit court acknowledged that there was a significant interest at stake in this matter. Despite this acknowledgment, the court weighed this factor in favor of New Trinity because this "large amount of money [] is owed by [Resources Limited] for this particular equipment that [New Trinity] has an interest in[.]" We agree with the circuit court that the amount at issue is significant, but we find that the circuit court clearly mis-weighed this factor in favor of New Trinity.

**4. Degree of intransigence by the defaulting party.** We have said that "any evidence of intransigence on the part of a defaulting party should be weighed heavily against him in determining the propriety of a default judgment." *Hinerman*, 172 W. Va. at 782, 310 S.E.2d at 849. In *State ex rel. United Mine Workers of America, Local Union 1938 v. Waters*, 200 W. Va. 289, 299, 489 S.E.2d 266, 276 (1997), this Court reasoned that the petitioners were not intransigent because

> [t]hey advanced colorable good-faith reasons for not filing
> their answer and counterclaim and defensive motions prior to
> the default judgment's entry. The petitioners acted in a timely

16

fashion (eleven days from the default judgment's issuance) to seek relief from the default judgment. In *Evans v. Holt*, 93 W. Va. at 587, 457 S.E.2d at 524, a period of one month to file a motion to set aside a default judgment after learning of it was held to be reasonable.

In the matter sub judice, again, the circuit court did not specifically address this factor in its written order; however, during the hearing, the circuit court stated that "there doesn't appear to be any good reason why . . . [Resources Limited] did not attend to this matter on an earlier basis." We disagree. There appears to be very little, *if any*, intransigence by Resources Limited in responding to the complaint. At the very most, Resources Limited was fifteen days late in serving its answer to the complaint.[7] Moreover, Resources Limited filed its motion to vacate within forty-eight hours of the entry of the order awarding default judgment. Thus, the intransigence factor also weighs in favor of Resources Limited.

**5.     Rule 60(b) ground.** Lastly, "[t]he final consideration under *Parsons* is whether [the defendant] satisfied a ground under Rule 60(b)." *Hardwood*, 219 W. Va. at 65, 631 S.E.2d at 623. Rule 60(b) provides, in relevant part, as follows:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1)

---

[7] As discussed herein, there is some discrepancy as to when Resources Limited was served with the complaint. However, it does not matter whether Resources Limited was fifteen days late or timely in serving its answer and affirmative defenses. Either way, there was little to no delay in filing the responsive pleading.

17

> Mistake, inadvertence, surprise, excusable neglect, or unavoidable cause . . . . The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to grant statutory relief in the same action to a defendant not served with a summons in that action, or to set aside a judgment for fraud upon the court.

W. Va. R. Civ. P. 60. Both in the underlying proceedings and on appeal, Resources Limited asserts that it has demonstrated inadvertence, mistake, and excusable neglect thereby satisfying a ground under Rule 60(b). During the hearing, the circuit court simply stated that it "d[id] not find [the] existence of excusable neglect in this matter."

The civil case information statement attached to the complaint indicated that service would be accomplished *through the Secretary of State* and that Resources Limited must respond within thirty days from the date service was perfected upon the Secretary of State's office. Counsel for Resources Limited averred that he continuously reviewed the Secretary of State's service of process status page until he found that service had occurred on February 22, 2021. In accordance with that notice and subsequent website posting, that service date is the one used by Resources Limited to calculate the time within which it was required to file its answer and affirmative defenses. Under these circumstances, we find that Resources Limited has demonstrated inadvertence, mistake, and excusable neglect thereby satisfying a ground under Rule 60(b).

18

**6.  Weighing the *Parsons* and *Hardwood* factors.**  As discussed herein, the record does not support a finding that undue prejudice would result against New Trinity by setting aside the default judgment.  Furthermore, Resources Limited has asserted material issues of fact and defenses which may have merit, and that the interests at stake are significant.  Moreover, we find that there was little, if any, intransigence on the part of Resources Limited and that under Rule 60(b), Resources Limited has provided sufficient reasons to satisfy that ground.  Thus, in weighing the *Parsons* and *Hardwood* factors, Resources Limited's motion to set aside the default judgment should have been granted, and, therefore, reversal is justified.

### IV.

### CONCLUSION

For the foregoing reasons, we find that the circuit court abused its discretion in denying Resources Limited's motion to set aside the default judgment.  Therefore, the default judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.[8]

Reversed and remanded.

---

[8] On remand, we remind the circuit court to be cognizant of any automatic stay that may still be in place pursuant to Title 11 U.S.C. §362.

19